### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

Bobby Richardson

    v.                                          Case No. 20-cv-1134-JL

Robert Hazlewood, Warden, FCI-Berlin


### REPORT AND RECOMMENDATION

Bobby Richardson, an inmate at the Federal Correctional Institution in Berlin, New Hampshire ("FCI-Berlin"), has filed a petition for a writ of habeas corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging his conviction on a heroin distribution charge in the Eastern District of Virginia in United States v. Richardson, No. 3:09-CR-15-JAG-1 (E.D. Va.). Along with his original petition, Mr. Richardson has filed three documents, entitled, "Emergency Motion to Expedite" (Doc. No. 2), "Motion to Dismiss" (Doc. No. 5), and "Motion for Judicial Notice" (Doc. No. 6), which this court has construed as addenda to the petition, to the extent those filings clarify the nature of Mr. Richardson's claims. The petition and those addenda are before this court to determine whether the claims asserted in those filings are facially valid and may proceed. See 28 U.S.C. § 2243; LR 4.3(d)(4)(A); Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); see also § 2254 Rule 1(b) (allowing application of § 2254 Rules to any habeas corpus petition). The

"Motion to Dismiss" (Doc. No. 5) is also before the court for a ruling to the extent it seeks to invalidate the conviction at issue.

## Background

I.    Arrest and Search

At or around 12:00 p.m. on August 6, 2008, in Petersburg, Virginia, Bobby Richardson was pepper-sprayed and arrested by police officers after he ran from his business premises.  That afternoon, in a search of those premises conducted pursuant to a warrant, the police recovered counterfeit U.S. currency, firearms, heroin, cocaine, and marijuana.  At the time of his arrest, Mr. Richardson was found to be carrying more than $500.00 in cash, including specifically identified currency that, according to the trial testimony of law enforcement witnesses, had been provided to a confidential informant ("CI") to purchase heroin from Mr. Richardson.

II.    Trial and Sentencing

Mr. Richardson was subsequently indicted in the Eastern District of Virginia, and later convicted by a jury, of possession of heroin with intent to distribute (Count 1), distribution of heroin in violation of 21 U.S.C. § 841(a) (Count 2), being a felon in possession of a firearm (Count 3), and six

counts of forging currency (Counts 4-9).  See United States v. Richardson, 442 F. App'x 37, 37 (4th Cir. 2011).  The district court sentenced petitioner to 288 months imprisonment each on Counts 1-3 and 240 months imprisonment each on Counts 4-9 and further directed that all of those sentences be served concurrently.  See id.  The Fourth Circuit affirmed.  See id. at 38-39.

Prior to trial, Mr. Richardson filed a motion to suppress evidence derived from the search of his business premises, which was denied after a hearing.  At the hearing on that motion, and at the ensuing criminal trial, Petersburg Police Department ("PPD") officers testified that in the morning on August 6, 2008, before Mr. Richardson's arrest, a CI (nicknamed "Franklin") made a controlled buy of heroin from Mr. Richardson. The CI testified that he gave Mr. Richardson $500.00 for the heroin, which the officers had previously given to him for the controlled buy, and the officers testified that they recovered the same bills provided to the CI from Mr. Richardson upon his arrest.  As grounds for finding Mr. Richardson guilty of heroin distribution, the prosecutor's summation at trial cited the recovered funds, the officers' and CI's trial testimony about the controlled buy, and statements made by Mr. Richardson in a recorded, post-arrest phone call ("Franklin came to see [me]. And he bought $500."), which the government argued was an

admission of Mr. Richardson's involvement in the $500.00
controlled buy.  See United States v. Richardson, No. 3:09-CR-
15, 2013 U.S. Dist. LEXIS 109101, at *34-35, 2013 WL 3991474, at
*12 (E.D. Va. Aug. 2, 2013).

III. Post-Conviction Litigation

        In 2012, Mr. Richardson filed his first motion seeking to
vacate his sentence under 28 U.S.C. § 2255, challenging the
search of his business premises and asserting claims of
ineffective assistance of trial counsel.  The court in the
Eastern District of Virginia denied that motion in August 2013
and declined to issue a certificate of appealability.  See
Richardson, 2013 U.S. Dist. LEXIS 109101, at *8-12, *60-61, 2013
WL 3991474, at *1-2, *19.

        In 2014 and 2017, after his first § 2255 motion had been
denied, Mr. Richardson obtained unredacted records from law
enforcement agencies, which neither he nor his trial attorney
had previously obtained or viewed without redactions.  Mr.
Richardson used those records to track down other law
enforcement records and reports, from which he developed claims
challenging his heroin distribution conviction based on what he
says those records show about the true timeline of events and
the source of the heroin at issue.

4

Mr. Richardson asserts that government agents fabricated the evidence underlying the heroin distribution charge, and then covered it up by redacting the PPD case numbers from the reports they generated.  Mr. Richardson claims that those redactions obscured the absence of contemporaneous police reports regarding the alleged morning controlled-buy and also concealed the existence of a police log entry post-dating his arrest which had been marked with the same PPD case number as the lab certification of the heroin at issue.  Mr. Richardson argues that the timing of that log entry (nine hours after his arrest) is evidence of both the officers' perjury about the sequence of events and his innocence, as he was in custody at the logged time and therefore could not have been selling the heroin to a CI, since the heroin must have come into police custody at the logged, post-arrest time.  Mr. Richardson asserts that his conviction on Count 2, for heroin distribution, violated his Fifth and Sixth Amendment rights, because, he argues, officers had to have falsified the evidence that they used to frame and convict him, and because his trial counsel failed to provide him with effective representation.

The instant § 2241 petition (which is Mr. Richardson's second such petition) is the latest in a series of motions, applications, and petitions he has filed, raising essentially the same arguments and claims of innocence derived from the

unredacted law enforcement records he obtained in 2014 and 2017.
His prior proceedings in this regard have been unavailing.  See
In re Richardson, No. 20-266 (4th Cir. July 1, 2020) (denying
Mr. Richardson permission to file successive § 2255 motion,
based on same records and claims of actual innocence); United
States v. Richardson, 776 F. App'x 106, 107 (4th Cir. 2019)
(same); United States v. Richardson, No. 3:09-CR-15-JAG-1, 2019
U.S. Dist. LEXIS 99951, at *3, 2019 WL 2477610, at *1-2 (E.D.
Va. June 13, 2019) (dismissing "Rule 60(b) motion," citing same
records and claims, as unauthorized successive § 2255 motion),
aff'd, 776 F. App'x 106 (4th Cir. 2019); Richardson v. FCI
Berlin Warden, No. 18-cv-1198-JD (D.N.H. Feb. 11, 2019)
(dismissing first § 2241 petition, citing same records and
similar claims, for lack of savings clause jurisdiction).

## Discussion

I.  Savings Clause Jurisdiction

    A.  Statutory Savings Clause

Pursuant to 28 U.S.C. § 2255, the court where the
petitioner was convicted and sentenced generally has exclusive
jurisdiction over a petitioner's post-conviction motions
challenging the validity of his conviction or sentence.  Such
motions are subject to gatekeeping provisions, including a one-
year statute of limitations and limits on an inmate's ability to

file more than one § 2255 motion.  See, e.g., 28 U.S.C. §§ 2244(a), 2255(f).

Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district where a federal inmate is in prison to consider a § 2241 petition challenging the validity of his incarceration.  See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999).  Mr. Richardson, who is incarcerated at FCI-Berlin, seeks to invoke this court's savings clause jurisdiction under § 2255(e).

The savings clause provides, in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Relief under the savings clause is not available simply because a petitioner has been denied leave to file a successive § 2255 motion, or because the petitioner missed the deadline for filing a first motion under § 2255.  Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008).  Instead, section 2255's "adequacy and effectiveness must be judged ex ante," id.; to proceed on a petition challenging a conviction or sentence under § 2241, the petitioner must show that he would be denied any opportunity for relief under 28 U.S.C. § 2255.  See id. ("post-

conviction relief can be termed 'inadequate' or 'ineffective'
only when, in a particular case, the configuration of section
2255 is such 'as to deny a convicted defendant any opportunity
for judicial rectification'" (citations omitted)).  "Most courts
have required a credible allegation of actual innocence to
access the savings clause." Id.  One type of savings clause
case, described in Sustache-Rivera v. United States, 221 F.3d 8,
16 & n.14 (1st Cir. 2000), involves circumstances where the
Supreme Court overturned the interpretation of the statute under
which the petitioner was convicted so that he or she is no
longer guilty of a crime under the new interpretation.  Id.


        B.    Prior Opportunities for Judicial Review

    Mr. Richardson has already had an opportunity for judicial
review of his gateway claim of actual innocence, in that he
sought leave in the Fourth Circuit to file a successive § 2255
motion, asserting essentially the same claims, based on the same
evidence presented here.  Two separate panels of the Fourth
Circuit reviewed his claims in declining to authorize a
successive § 2255 motion in the Eastern District of Virginia.
In concluding that Mr. Richardson's "Rule 60(b) motion" did not
satisfy the statutory restriction on successive § 2255 motions,
the Fourth Circuit stated that he had not presented "'newly
discovered evidence that, if proven and viewed in light of the

evidence as a whole, would be sufficient to establish by clear
and convincing evidence that no reasonable factfinder would have
found [Mr. Richardson] guilty of the offense.'" Richardson, 776
F. App'x at 107 (quoting 28 U.S.C. § 2255(h)(1)); see also In re
Richardson, No. 20-266 (4th Cir. July 1, 2020) (denying
permission to file successive § 2255 motion, based on same
evidence and claims).  Having had those opportunities for review
of his new evidence and claims, Mr. Richardson cannot
demonstrate here that the structure of § 2255 has rendered those
procedures ineffective or inadequate to test the legality of his
detention simply because his efforts to proceed under § 2255
were unsuccessful.  See Trenkler, 536 F.3d at 99; Barrett, 178
F.3d at 50 ("A petition under § 2255 cannot become 'inadequate
or ineffective,' thus permitting the use of [§ 2241 via the
savings clause], merely because a petitioner cannot meet the
AEDPA 'second or successive' requirements." (citation omitted)).


    C.    Actual Innocence Claim

    Mr. Richardson's arguments seeking to invoke this court's
savings clause jurisdiction also hinge on his claims of
innocence and a miscarriage of justice, based on what he has
concluded must be fabricated evidence of Count 2's controlled
buy.  Mr. Richardson argues that his Count 2 conviction for
heroin distribution is a miscarriage of justice because, he

asserts, law enforcement records that the jury never saw establish that he could not have participated in the drug transaction that yielded the heroin at issue. Cf. United States v. Olano, 507 U.S. 725, 736 (1993) (in general, in "collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent" (citation omitted)).

A petitioner "asserting innocence as a gateway . . . must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536-37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

> To demonstrate actual innocence, a petitioner must identify "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup, 513 U.S. at 324. That evidence must demonstrate the "'conviction of one who is actually innocent.'" Id. at 327. . . . [A] petitioner must show factual innocence and not merely legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998).

Holt v. Stirling, Civ. No. 6:15-4865-TMC, 2017 U.S. Dist. LEXIS 42904, at *9, 2017 WL 1105064, at *4 (D.S.C. Mar. 24, 2017).

Mr. Richardson's new evidence consists of: (1) the existence of a 9:59 p.m. August 6, 2008 police log entry regarding a "drug violation" occurring at Mr. Richardson's business premises, which includes the note that it is a "report taken" regarding that violation, see Doc. No. 1-2, at 21; (2) the absence of a contemporaneous police incident report relating

to the alleged August 6 morning controlled buy; (3) the
uncontroverted fact that Mr. Richardson had been arrested at
noon on August 6 and remained in custody at the time of the 9:59
p.m. log entry; and (4) the fact that the same PPD case number
appears on that log entry and on the laboratory certificate
identifying the substance at issue in Count 2 as heroin.  Mr.
Richardson cites that evidence in arguing here that the heroin
at issue in Count 2 could not have come from a controlled buy in
which he participated, as the police log entry relating to that
heroin bears a time-stamp nine hours after his arrest, while he
remained in custody.

       Missing from Mr. Richardson's evidence, however, is
"reliable" evidence, which the Supreme Court has characterized
as "exculpatory scientific evidence, trustworthy eyewitness
accounts, or critical physical evidence," Schlup, 513 U.S. at
324, that the 9:59 p.m. log entry of a "drug violation" at his
business premises could not have related to an incident reported
at that time, which had occurred earlier that day at the same
place, such that no reasonable jurors could have found him
guilty of committing the offense of heroin distribution near
that location before noon.  The evidence of guilt the jury heard
as to Count 2 included evidence that specific funds given to the
CI to buy drugs from Mr. Richardson were recovered from Mr.
Richardson at the time of his arrest; Mr. Richardson's post-

arrest statements concerning "Franklin" buying "$500" (which a
reasonable juror could interpret as an admission of Mr.
Richardson's involvement in a $500.00 transaction with the CI,
see Richardson, 2013 U.S. Dist. LEXIS 109101, at *34-35, 2013 WL
3991474, at *12); the CI's testimony describing the controlled
buy; and the generally consistent testimony of PPD officers who
had been involved in staging and surveilling the transaction
between the CI and Mr. Richardson.  Absent "reliable" evidence
that the log entry's time-stamp is exculpatory because it
establishes the true time of the incident that yielded Count 2's
heroin, this court cannot conclude it is more likely than not
that, upon learning of the 9:59 p.m. log entry, no reasonable
juror would find Mr. Richardson guilty beyond a reasonable doubt
of heroin distribution as charged in Count 2, in light of all of
the other evidence before the jury.  Accordingly, the district
judge should dismiss the § 2241 petition for lack of savings
clause jurisdiction.


II.  Motion to Dismiss Indictment and Conviction (Doc. No. 5)

     Mr. Richardson's self-styled "Motion to Dismiss" (Doc. No.
5) seeks to dismiss his conviction on Count 2, based on his
arguments that fabricated evidence relating to the controlled
buy stripped the Eastern District of Virginia of jurisdiction
over Count 2.  As Mr. Richardson has not established a gateway

claim of actual innocence or otherwise properly invoked this court's savings clause jurisdiction, this court lacks jurisdiction to grant the relief requested in his "Motion to Dismiss."  Accordingly, the district judge should deny Mr. Richardson's "Motion to Dismiss" (Doc. No. 5), without addressing the merits of his arguments.

## Conclusion

For the foregoing reasons, the magistrate judge recommends that:

> (1) the district judge should deny Mr. Richardson's motion to dismiss his indictment and conviction on Count 2 (Doc. No. 5), without prejudice;

> (2) the district judge should dismiss Mr. Richardson's § 2241 petition for lack of savings clause jurisdiction; and

> (3) the district judge should direct the clerk to enter judgment and close this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

June 24, 2021

cc:  Bobby Richardson, pro se